U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 9 2017

CLERK, U.S. DISTRICT COURT
By _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PHILLIP JEROME SIMMONS,          §
                                 §
          Petitioner,            §
                                 §
v.                               §        No. 4:15-CV-260-A
                                 §
LORIE DAVIS, Director,           §
Texas Department of Criminal     §
Justice, Correctional            §
Institutions Division,           §
                                 §
          Respondent.            §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Phillip Jerome Simmons, a state prisoner confined in the Correctional institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I. BACKGROUND

The state court records reflect that in March 2009 petitioner was indicted in Tarrant County, Texas, Case No. 1319934D, for theft of property, gasohol and fuel oil, over $200,000, a first-degree felony. (Clerk's R. 2, ECF No. 10-9.) On August 1, 2011, after the trial court denied defense counsel's

motion for a continuance, petitioner entered an open plea of guilty to the offense, and a presentence investigation report (PSI) was ordered. Thereafter, on December 1, 2011, the trial court assessed his punishment at twenty years' imprisonment. (Clerk's R. 113, 151, ECF No. 10-9.) Petitioner appealed his conviction, but the Second Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review. (Docket Sheet 1-2, ECF No. 10-2.) Petitioner also sought postconviction state habeas relief by filing a state habeas application, raising one or more of the claims raised in this federal petition, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (Action Taken, ECF No. 10-26.)

## II.  ISSUES

Petitioner raises six grounds for relief:

(1) He was denied effective assistance of counsel based on counsel's failure to convey to him an 8-year plea bargain offer by the state and to conduct a reasonable pretrial investigation;

(2) and (6) The state and investigative agencies to which the state had access failed to disclose favorable evidence under *Brady*;

(3) The Texas rules of evidence were applied in a way that denied him the right to present a complete defense;

2

(4) His sentence was excessive on the basis of prior dropped charges for which he did not have counsel; and

(5) His guilty plea was the product of ineffective assistance of counsel.

(Pet. 6-7 & Insert, ECF No. 1.)

### III.   RULE 5 STATEMENT

Respondent does not believe that the petition is time-barred or subject to the successive-petition bar but does assert that petitioner failed to properly exhaust one or more of his claims and that the claims are, thus, procedurally barred from federal habeas review. (Resp't's Answer 3-7, ECF No. 5-10.) However, as the grounds are stated by the court above, the claims sufficiently correspond with those raised by petitioner in his state habeas application and supporting memorandum.

### IV. DISCUSSION

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record

3

before the state court. *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011); 28 U.S.C. § 2254(d)(1)-(2). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. It is the petitioner's burden to rebut the presumption of correctness through clear and convincing evidence. § 2254(e)(1). Further, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion it is typically an adjudication on the merits, which is also entitled to a presumption of correctness. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court assumes that the state court applied the proper clearly established federal law to the facts of the case and then determines whether its decision was contrary to or objectively unreasonable application of that law. *See Virgil v. Dretke*, 446 F.3d 598, 604 (5th Cir. 2006); 28 U.S.C.A. § 2254(d)(1).

4

(1) and (5) Ineffective Assistance of Counsel
and Petitioner's Guilty Plea

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered unknowing or involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland*, 466 U.S. at 687. In assessing the reasonableness of counsel's representation, "counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 690).

Further, by entering a knowing, intelligent and voluntary guilty plea, a defendant waives all nonjurisdictional defects in

5

the proceedings preceding the plea, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Smith*, 711 F.2d at 682; *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981). A guilty plea is knowing, voluntary and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). If a challenged guilty plea is knowing, voluntary and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).

Under his first ground, petitioner claims that his trial counsel were ineffective by failing to convey to him an 8-year plea bargain offer by the state and by failing to conduct a reasonable pretrial investigation. Under his fifth ground, petitioner claims that his guilty plea was the product of ineffective assistance of counsel. (Pet. 6 & Insert, ECF No. 1.) Petitioner's initial retained counsel, Roderick White responded to petitioner's first allegation in an affidavit filed in the state habeas proceeding as follows:

> In April 2009 I was retained by Mr. Simmons to represent him in his then pending theft over $200,000 case. As part of my representation of Mr. Simmons, I thoroughly reviewed his case file (containing police reports and witness statements) which was obtained from

the District Attorney's office, allowed Mr. Simmons to
review his entire case file, extensively discussed the
allegations (and all possible defensive strategies)
with Mr. Simmons, answered all of this [sic] questions,
researched all legally relevant issues, effectively
explained to him his right to a jury trial, clearly
explained to him the possible punishment range, and
effectively explained to him the pros and cons of going
to trial. In addition to personally visiting with Mr.
Simmons about his case on each of his court settings
while I was representing him, because he was not in-
custody during much (if any) of the time I was
representing Mr. Simmons, he and I were able to
communicate frequently regarding his case in-person
and/or via telephone.

Mr. Simmons now alleges ineffective assistance of
counsel on my part because he *dishonestly* claims that I
failed to convey a plea bargain offer made by the
State. Mr. Simmons is not being truthful. He is not
mistaken. I leave no room for misunderstanding and/or
mistake when conveying plea bargain offers and I left
no room for misunderstanding and/or mistake in my
discussions with Mr. Simmons. He is simply being
dishonest. On or about August 29, 2009 (shortly after
our Motions Docket setting) the State made Mr. Simmons
an offer of eight (8) years in TDC or ten (10) years in
TDC probated for ten (10) years. I, personally and
promptly, discussed these offers with Mr. Simmons via
telephone and because the evidence against him was so
overwhelmingly compelling, I repeatedly and strenuously
advised him to accept one of the State's options. Mr.
Simmons and I fully and repeatedly discussed these
options several times via telephone prior to his Status
Conference court setting on October 16, 2009 where it
was my understanding that Mr. Simmons was prepared to
accept the probation offer. For some reason that I
cannot currently recall, I could not be in court that
morning so I sent my associate, Roberta Walker, to
simply complete the previously discussed and presumably
agreed upon plea. At that point in Mrs. Walker's
employment with my firm I would generally only send her
to court alone on serious felony cases where I had

7

already worked out the resolution of the case or where
there was no realistic chance of resolution at that
particular court setting, otherwise I would generally
take steps to have the matter reset for the following
week. I considered this to be the former. When Mr.
Simmons refused to take the probation offer the Court's
Status Conference form was completed detailing a 15
year TDC offer or the probation option, 10 years in TDC
probated for 10 years with restitution. For the next
several months I went back and forth with Mr. Simmons
concerning his plea options, strongly recommending that
he plead guilty and accept some TDC time because there
was no chance that he could ever pay the restitution,
and representing to him that I thought that we could
still get "single digits". He eventually retained
alternative counsel. While I do recall mailing my file
to the new counsel, I do not specifically recall
discussing the case with the new lawyer.

In conclusion, not only were any and all plea
bargain offers made by the State during the time I was
representing Mr. Simmons appropriately and effectively
conveyed, Mr. Simmons was both repeatedly and
strenuously advised to accept.

(State Habeas R., 62-64, ECF No. 10-28 (emphasis in original).)

The state habeas judge, who also presided over the trial

court proceedings, impliedly found counsel's affidavit credible

and expressly found that counsel promptly conveyed and "fully

communicated" the state's plea offers to petitioner and that

petitioner refused the plea offers, including the 8-year offer.

(*Id.* at 85-86.) Therefore, applying the *Strickland* standard, the

court concluded that counsel engaged in reasonable professional

conduct in representing petitioner. (*Id.* at 86-87.) The habeas

8

court's findings were later adopted by the Texas Court of
Criminal Appeals.

As a general rule, counsel has a duty to convey formal plea
offers that may be favorable to the accused. *Missouri v. Frye,*
566 U.S. —, 132 S. Ct. 1399, 1408 (2012). This court is bound by
the state court's findings unless petitioner provides clear and
convincing evidence in rebuttal, which he has failed to do.
Petitioner's mere assertion that counsel did not convey the plea
bargain offer to him, without more, is insufficient to rebut the
state court's factual and credibility determinations. *Smallwood
v. Johnson,* 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v.
Estelle,* 694 F.2d 1008, 1011-12 (5th Cir. 1983)). Nor does
counsel's alleged lack of experience or the fact that counsel's
associate made several appearances in court on petitioner's
behalf present clear and convincing proof that counsel did not
inform petitioner of the plea offer. Thus, deferring to the state
court's findings, the state courts' adjudication of the claim
comports with *Frye* and *Strickland.*

Petitioner claims that his second retained counsel, Jon
Thomas, was ineffective by failing to conduct an adequate
pretrial investigation, including reviewing the state's file,
reviewing the PSI report for inaccuracies, interviewing potential

9

witnesses, and investigating information regarding the
disposition of similar criminal investigations against petitioner
in Dallas and Harris Counties. He also claims his guilty plea was
the product of counsel's unpreparedness. (Pet. 6 & Pet'r's Mem.
3-7, ECF No. 1.) Despite counsel's failure to file an affidavit
addressing petitioner's allegations or to appear at five show-
cause hearings, the state habeas judge, based on his observation
of counsel's and petitioner's demeanor in court, his own
recollection of the proceedings, and the documentary evidence,
entered the following express findings regarding these claims:

6. The Tarrant County Criminal District Attorney's
   Office maintains an open file policy through the
   Tarrant County Electronic Case Filing System
   (ECFS).

7. Mr. Thomas had access to the State's files in the
   applicant's case through ECFS and other
   disclosures.

8. The State made the required *Brady* disclosures of
   potentially exculpatory and impeachment evidence.

9. The State and the applicant were unable to reach a
   plea bargain agreement.

10. The applicant entered an open guilty plea to the
    trial court.

11. Prior to accepting the applicant's guilty plea,
    the trial court fully admonished him regarding the
    waiver of his rights and the consequences of that
    plea.

12.  The trial court's written plea admonishments
     tracked the statutory requirements for accepting a
     plea that is freely and voluntarily entered.

13.  The applicant signed that he had read and
     understood the written plea admonishments given to
     him by the Court.

14.  The applicant signed that he was aware of the
     consequences of his guilty plea.

15.  The applicant signed that he was satisfied with
     the representation of his attorney, and that his
     attorney had provided fully effective and
     competent representation.

16.  The applicant waived all rights given to him under
     law, including his right to the appearance,
     confrontation and cross-examination of witnesses,
     and consented to oral and written stipulations of
     evidence.

17.  Mr. Thomas reviewed the plea paperwork with the
     applicant, including the court admonishments and
     waiver of rights, before he entered his guilty
     plea.

18.  The applicant signed and entered a judicial
     confession admitting all the allegations alleged
     in the indictment.

19.  The applicant's guilty plea was freely, knowingly
     and voluntarily entered.

     . . .

30.  The applicant has not shown that Mr. Thomas failed
     to provide him inadequate representation as
     guaranteed by the Sixth Amendment despite Mr.
     Thomas' failure to file an affidavit addressing
     his representation.

31.  The following evidence undercuts any likelihood

11

that the outcome of this case would have been
different with another counsel or if Mr. Thomas
had represented the applicant in another manner:

    a.   The applicant was employed as an independent
        contractor by the O'Rourke Petroleum Company
        to deliver petroleum products to its
        customers.

    b.   Between April 28, 2007, and May 7, 2007, the
        applicant made numerous pulls of fuel from
        O'Rourke's terminals in the Dallas/Fort Worth
        area and sold the fuel for his own profit.

    c.   The presentence investigation report
        estimated the total loss to O'Rourke
        Petroleum at $539,046.73 of which $258,357.34
        occurred in Tarrant County.

32.  The applicant presents no evidence suggesting that
    he would have rationally proceeded to trial or
    that the outcome of his prosecution would have
    been different with counsel other than Mr. Thomas.

    .  .  .

34.  The applicant was not denied effective assistance
    of counsel.

(State Habeas R. 89-92, ECF No. 10-28 (citations omitted).)

Based on its findings, the court concluded that petitioner

was fully advised regarding the consequences of entering a guilty

plea, that his guilty plea was knowingly and voluntarily entered,

and, applying the *Strickland* standard, that he received effective

assistance of counsel. (*Id.* at 94-95.)

The official state court records "are entitled to a

presumption of regularity and are accorded great evidentiary weight" on federal habeas review. *Hobbs v. Blackburn,* 752 F.2d 1079, 1081-82 (5th Cir. 1985) (citations omitted). Likewise, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. Cothran*, 302 F.3d 279, 283-284 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."). The record of the plea proceedings in this case does not support petitioner's assertion that counsel failed to conduct an adequate investigation or that his plea was rendered involuntary as a result of counsel's unpreparedness.

It is petitioner's burden to prove counsel failed to conduct an adequate investigation. Absent clear and convincing evidence, counsel is presumed to have conducted an adequate investigation. *Strickland,* 466 U.S. at 689. Further, during the plea hearing, petitioner responded in the affirmative that counsel discussed the written plea admonishments with him; that he understood and signed the admonishments; that it was his desire to waive his rights; that he understood the range of punishment; that he was pleading guilty because he was guilty and for no other reason; and that his plea was freely and voluntarily given. (Reporter's

R., vol. 3, 4-7, ECF No. 10-6.) Petitioner also signed the written plea admonishments indicating that he was totally satisfied with counsel's representation and that counsel provided him fully effective and competent representation. (State Habeas R. 112, ECF No. 10-28.) Petitioner's conclusory assertions are insufficient to rebut the presumption that he received effective assistance of counsel and the presumption of regularity of the state court records. *See Webster v. Estelle,* 505 F.2d 926, 929–30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity").

Thus, to the extent petitioner claims counsel was ineffective by failing to conduct an adequate investigation into matters preceding his voluntary guilty plea, the claim is waived. To the extent petitioner claims counsel was ineffective by failing to conduct an adequate investigation into matters in mitigation of punishment, the claim also fails. To establish counsel's failure to investigate, a petitioner must do more than merely allege a failure to investigate; he must state with specificity what the investigation would have revealed, what evidence would have resulted from that investigation, and how the evidence would have altered the outcome of the case. *United States v. Green,* 882 F.2d 999, 1003 (5th Cir. 1989). Instead of

14

doing so, petitioner merely asserts that had counsel

> investigated my case and taking [sic] advantage of the
> open file policy and investigated the State's files,
> and contacted the witness and read the PSI report which
> had numerous errors, the outcome of my case would have
> been different.

(Pet'r's Mem. 4, ECF No. 1.) He also asserts that counsel should

have followed up on *Brady* material provided by the state

regarding other allegations against him in an effort to determine

what significance, if any, the information had to the instant

offense. (*Id.* at 5.) Lastly, he asserts that the PSI contained a

list of twelve misdemeanor and five felony charges, the majority

of which he was never involved in. (*Id.* at 6.)

The first argument is too vague to merit habeas relief. Nor

does petitioner explain how information in similar criminal

investigations against him in Dallas and Harris Counties would

have altered the outcome of his punishment hearing. As to the

third assertion, counsel stated on the record that he had

reviewed the PSI, and he requested several "corrections" to the

report. (Reporter's R., vol. 4, 5-7.) Petitioner fails to state

with any specificity or provide evidence that counsel was aware

of but failed to bring to the trial court's attention other

factual inaccuracies in the report. Consequently, petitioner has

failed to demonstrate that counsel's representation was deficient

15

or that the outcome of his punishment hearing would have been
different had counsel conducted a more thorough investigation.
Conclusory allegations of ineffective assistance of counsel do
not raise a constitutional issue in a federal habeas proceeding.
*Ross,* 694 F.2d at 1012.

(2) and (6) *Brady* Violations

Under his second and sixth claims, petitioner claims the
state and investigative agencies to which the state had access
violated his rights under *Brady* by failing to disclose favorable
evidence. Under *Brady,* the state has a duty to disclose to the
defense in a timely manner evidence that is both favorable to the
accused and material to either guilt or punishment in a timely
manner. *Banks v. Dretke,* 540 U.S. 668, 691 (2004); *Brady v.
Maryland,* 373 U.S. 83, 87 (1963).

The record reflects that the state filed five *Brady* notices
to the defense. (Clerk's R. 40, 49, 51, 101 & 106, ECF No. 10-9.)
In its memorandum opinion, the state appellate court addressed
the state's *Brady* disclosures in the context of petitioner's
issue regarding the denial of his motion for continuance as
follows:

> In one issue, Appellant contends that the trial
> court erred by denying his motion for continuance.
> Because we hold that Appellant abandoned his complaint

16

by signing a written waiver of his pretrial motions and
appeal in conjunction with his guilty plea, we overrule
his issue and affirm the trial court's judgment.

Ten days before trial, the State disclosed *Brady*
evidence, which was a statement by a handwriting
analyst hired by the complainant's retained counsel.
The handwriting expert had concluded that he was unable
to determine whether Appellant had signed the relevant
bills of lading. Four days before trial, the State
disclosed further *Brady* evidence, the criminal history
of two witnesses. The following day, the State filed
another notice of *Brady* evidence: the facts that (1)
Detective Waller of the Dallas Police Department had
stated that he did not pursue charges against Appellant
because the handwriting expert was unable to offer an
opinion regarding the signature on the bills of lading
and (2) a 2004 theft of fuel case against Appellant in
Houston had been classified as "unfounded" because the
fuel pull had occurred in Pasadena, not Houston.

On the day of trial, the State filed a fourth
supplemental notice of *Brady* evidence. In it, the State
disclosed the following:

- Rafiq Merchant denied knowing Appellant but later
  identified him in a photo lineup as the person
  from whom he had purchased fuel;

- Mary Simmons had told Landmark Chevrolet that she
  and Appellant were purchasing a Corvette with cash
  because they were owners and operators of a truck;

- Ali Shajhan had testified before the grand jury
  that he did not know Appellant, but the phone
  number of the person from whom he had bought the
  gasoline was Appellant's;

- Rafiq Manjee had attempted to extort money from
  State's witness Rafiq Merchant;

- Although there were no current deals with Rafiq
  Merchant or with Suman Nepal, the State had

17

attempted to make a deal with Rafiq Merchant, but he had been unable to make restitution;

- Mary Simmons was on the signature card with Appellant at Woodforest National Bank, and cash had been deposited into the account after the thefts;

- Detective Waller of the Dallas Police Department told Tarrant County that he was going to send the bills of lading to the USSS for analysis, but he did not follow up and instead had stopped his investigation due to his time restrictions and caseload; and, finally,

- Rafiq Merchant had brokered several deals with other Middle Eastern males, two of whom were Ashraf Moten and Sadiq LNU, and the State was not able to contact them.

Finally, also on the day of trial, the State gave another notice of *Brady* evidence in which the State reported that Appellant had made a purchase from Porter Truck Sales but that Appellant's Social Security number recorded in the transaction differed from his actual Social Security number by one number.

Appellant filed a motion for continuance, requesting additional time to investigate the numerous last-minute *Brady* disclosures. The trial court denied Appellant's motion. In the hearing on the motion for continuance, the State explained its failure to provide the information in a timely manner by stating that it had been willing to recommend deferred adjudication if Appellant made restitution. He was able to pay only a small portion of the restitution due, and during the period of time that he was attempting to make the payments, the State was not preparing for trial. It was only after it became clear that Appellant would be unable to make the restitution that a trial date was set and trial preparation began in earnest.

Nevertheless, the State bears the obligation of

18

disclosing material exculpatory or mitigating *Brady*
evidence whether trial preparation has begun or whether
a defendant is considering a plea offer. The existence
of such evidence can greatly influence both the offer
the State makes and the defendant's decision to accept
or reject the offer. The fact that a plea offer is on
the table does not justify the State's failure to
disclose material exculpatory or mitigating evidence.

In this case, however, Appellant entered his
guilty plea and waived all pretrial motions in writing.
At the plea hearing, neither Appellant nor his counsel
suggested that the trial court's denial of his motion
for continuance influenced his decision to plead
guilty. Nowhere in the record did Appellant except from
his waiver of pretrial motions the motion for
continuance. Although the trial court certified his
right to appeal, by waiving all pretrial motions,
Appellant abandoned his complaint regarding the late
disclosure of *Brady* material, his request for
continuance, and the trial court's adverse ruling on
that request.

Additionally, Appellant, in writing, stated, "I
give up and waive any and all rights of appeal in this
case." Although case law is clear that a boilerplate
waiver of the right to appeal without a plea bargain
agreement does not preclude a defendant's appealing
trial error because error that has not yet occurred
cannot be intelligently and knowingly waived, the
circumstances of Appellant's waiver are
distinguishable. Here, Appellant filed no motions
(other than a motion to continue the sentencing
hearing) after entering his guilty plea. Appellant
abandoned his pretrial motions and waived his right to
appeal. Clearly at the time he entered his waivers, he
was aware of the trial court's ruling on his motion for
continuance. It is difficult to understand how
abandonment of a pretrial motion and waiver of appeal
regarding known rulings on pretrial motions could
automatically be held to be made other than knowingly
and intelligently.

Under the facts of this case and the record before this court, we hold that Appellant abandoned his complaint regarding the trial court's denial of his motion for continuance by later waiving his pretrial motions and his right to appeal. We therefore overrule Appellant's sole issue and affirm the trial court's judgment.

(Mem. Op. 5, ECF No. 10-3 (footnotes omitted).)

Additionally, the state habeas court entered the following express findings regarding these claims:

1.   The Tarrant County Criminal District Attorney's Office maintains an open file policy through the Tarrant County Electronic Case Filing System (EDFS).

2.   Mr. White and Mr. Thomas had access to the State's files during their representation of the applicant.

3.   The applicant does not set forth any specific undisclosed favorable evidence.

4.   The applicant has not met his burden to prove that the State failed to disclose favorable evidence.

(State Habeas R. 42, ECF No. 10-28.)

Based on its findings, which were later adopted by the Texas Court of Criminal Appeals, the court concluded that petitioner had not presented any facts showing the state failed to disclose favorable evidence and that petitioner's sworn allegations alone were not sufficient to support a *Brady* violation. (State Habeas R. 96-97, ECF No. 10-28.)

Absent clear and convincing evidence in rebuttal, this court must defer to the state court's findings. Petitioner fails to state what evidence the state should have provided or should have provided earlier or that he would not have pleaded guilty if the evidence had been disclosed sooner. Bald assertions in a pro se habeas petition carry no probative evidentiary value. *Ross*, 694 F.2d at 1011-12 and n.2. In any event, petitioner's *Brady* claims were waived by his voluntary guilty plea. *Orman v. Cain,* 228 F.3d 616, 617 (5th Cir. 2000).

### (3) Right to Defend

Under his third ground, petitioner claims the trial court applied the Texas rules of evidence "in a way which denied [him] the right to present a complete defence [sic]," in violation of his right to due process. The state habeas court found that petitioner had not met his burden as to this claim because he presented "no specific supporting facts demonstrating that the trial court applied the rules of evidence in a manner which impaired his defense." (State Habeas R. 99-100, ECF No. 10-28.) In apparent support of this claim, petitioner argues (all spelling, punctuation, and/or grammatical errors are in the original):

Mr. White have also violated petitioner right to

21

counsel by failing to convey a plea bargain after,
hoping the court will believe he told the petitioner by
VIA telephone. Rule 901 evidence; The cases are in
agreement that a mere assertion of his identity by a
person talking on the telephone is not sufficient
evidence of the authenticity of the conversation and
that additional evidence of his identity is required.

(Pet'r's Mem. 8, ECF No. 1.)

The state court's application of state evidentiary rules

does not raise a claim cognizable on federal habeas review. A

federal court has no jurisdiction to determine whether the state

reasonably applies its rules of evidence. *Estelle v. McGuire*, 502

U.S. 62, 67 (1991). Moreover, although petitioner cites to Rule

901 (entitled "Requirement of Authentication or

Identification."), his claim more accurately raises a credibility

issue regarding counsel's testimony in his affidavit that he

conveyed the plea offer to petitioner by telephone. This court is

required to accept, as conclusive, both the factual findings and

the credibility choices of the state courts, absent clear and

convincing evidence in rebuttal. *Carter v. Collins*, 918 F.2d

1198, 1202 (5th Cir. 1990). The state habeas court implicitly

made a credibility choice in favor of counsel's assertion, and

because petitioner has failed to rebut the presumption or

correctness with clear and convincing evidence of its

impropriety, this court cannot second-guess the choice and must

accept it as conclusive. *Self v. Collins,* 973 F.2d 1198, 1214 (5th Cir. 1992).

### (4) Uncounseled Prior Convictions

Finally, under his fourth ground, petitioner claims that his sentence was excessive on the basis of "prior dropped charges for which [he] did not have counsel." (Pet. 7, ECF No. 1.) The state habeas court determined that, as a matter of state law, petitioner's 20-year sentence was within the statutory punishment range for a first-degree felony offense and, hence, was not excessive. (State Habeas R. 101-02, ECF No. 10-28.)

Federal courts accord broad discretion to a state trial court's sentencing decision that falls within statutory limits. *Haynes v. Butler,* 825 F.2d 921, 923-24 (5th Cir. 1987); *Turner v. Cain,* 199 F.3d 437 (5th Cir. 1999) (unpublished) (sentence was within state's statutory limits and within trial court's discretion, therefore petitioner failed to state cognizable habeas claim for excessive sentence). If a sentence is within the statutory limits, a federal habeas court will not upset the terms of the sentence unless it is grossly disproportionate to the gravity of the offense. *Harmelin v. Michigan,* 501 U.S. 957 (1991); *Solem v. Helm,* 463 U.S. 277 (1983). That is not the case here.

To the extent petitioner claims evidence of his prior uncounseled convictions were improperly admitted during his punishment hearing for consideration by the trial court, his claim also fails. He states that the PSI contained a list of twelve misdemeanor and five felony charges in his criminal history, however he does not specify in which cases he has prior uncounseled convictions or provide court documents in those cases showing that he did not waive his right to an attorney. In short, he produces no evidence to support his assertion. Petitioner's bald assertion lacks probative evidentiary value. *See Ross v. Estelle,* 694 F.2d at 1011-12.

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied and that a certificate of appealability be, and is hereby denied.

SIGNED February ___9___, 2017.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

24